# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STACEY LADON BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14-3160-CV-S-DGK-P |
| vs. ) | |
| ) | |
| LINDA SANDERS, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the authority of the Federal Bureau of Prisons (FBOP) to raise his court-ordered schedule of payment amount for his criminal fines and assessments pertaining to his federal criminal case. Petitioner was convicted and sentenced in the United States District Court for the Western District of Arkansas in United States v. Brown, Case No. 2:07-CR-20005-001 (W.D. Ark. 2011), and was ordered to pay a felony assessment of $10,000.00 and a fine in the amount of $3,000.00 to be paid immediately and, if unable to pay immediately, "any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater." Petitioner's Exhibit 1.

After he began serving his sentence, petitioner chose to enroll in the Inmate Financial Responsibility Program (IFRP) established pursuant to 28 C.F.R. § 5380.08, which is a voluntary program that evaluates and determines the amount of an inmate's monthly payments based on the amount in his trust fund account for the past six months. Petitioner's monthly payments originally were calculated to be $25.00 per quarter, but were recalculated by his Unit Team at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, in August 2013 to be $105.00

monthly. Although petitioner continues to make his IFRP payments, he argues that the FBOP does not have the authority to set his payment schedule because the court-ordered schedule of payments for fines should not be altered by the FBOP and cites to United States v. Coates, 178 F. 3d 681, 685 (3d Cir. 1999), and United States v. McGlothlin, 249 F. 3d 783 (8th Cir. 2001); that money he receives from family for commissary should not be considered part of his earnings; and that he was coerced into signing the IFRP contract because he may be denied consideration for certain programs and privileges if he refuses to participate in the IFRP. Doc. Nos. 1 and 2.

Respondent admits that petitioner has exhausted the FBOP administrative remedies in this matter, but argues that, because participation in the IFRP is voluntary and because the "penalties" for not participating in the IFRP do not rise to constitutional proportions, the FBOP has not violated petitioner's constitutional rights. See Gaines v. Castillo, Case No. 11-3113-CV-S-RED, 2011 WL 5546865, at *2 (W.D. Mo. Oct. 17, 2011). Respondent also argues that Coates and McGlothlin do not apply to petitioner's case because they both involved inmates who were required to pay restitution under the Mandatory Victims Restitution Act of 1996, which vested sole authority to set restitution payment schedules in the district courts. Petitioner was ordered to pay a felony assessment and a fine, not restitution; therefore, respondent argues that Matheny v. Morrison, 307 F. 3d 709, 712 (8th Cir. 2002), applies to petitioner's situation when the sentencing court has ordered immediate payment of a court-imposed fine and when the IFRP plan merely facilitates petitioner's compliance with the sentencing court's order. Doc. No. 6, pp. 3-6. Moreover, FBOP regulations and policy permit payments to be "made from institution resources and non-institution (community) resources." 28 C.F.R. § 545.11(b). Therefore, the IFRP payments which were based on deposits in petitioner's inmate account, applicable law, and FBOP policy were appropriate and are not a dramatic departure from the basic condition of his sentence as required by Sandin v. Connor, 515 U.S. 472, 487 (1995). Doc. No. 6, pp. 5-8.

Petitioner replies that, under Matheny, FBOP staff may change the scheduled rate of payment only in the absence of a court-ordered installment payment and cites to Montano-Figuero v. Crabtree, 162 F. 3d 548, 550 (9th Cir. 1998), for the proposition that, where the judgment sets only the amount of the fine and not the method of payment, a defendant's fine is due immediately under 18 U.S.C. § 3572(d). Petitioner also cites to 28 C.F.R. § 545.11 for the proposition that FBOP staff are required to uphold a court-ordered payment schedule for fines and restitution. Doc. No. 8, pp. 2, 3.

As previously discussed, the Eighth Circuit has held that it is within the FBOP's discretion to place an inmate in the IFRP payment plan when the inmate's monetary penalties were ordered to be due immediately as in petitioner's case. Moreover, 28 U.S.C. § 545.11(b) permits the FBOP staff to unilaterally accelerate or increase an inmate's payments under the IFRP and to consider funds obtained from outside sources as available resources in determining the appropriate payment. See McGhee v. Clark, 166 F. 3d 884, 886-887 (7th Cir. 1999) (holding that, when a sentencing court imposed a fine and special assessment due "in full immediately," the FBOP's payment schedule pursuant to the IFRP did not conflict with the sentencing court's immediate payment order).

Because petitioner's case does not involve the Mandatory Victims Restitution Act and because the sentencing court ordered petitioner to pay a fine, not restitution, Coates and McGlothlin do not apply to prevent the FBOP from deducting payments through the IFRP for petitioner's court-ordered fines and assessment. In fact, the sentencing court's Judgment and Commitment Order merely sets a minimum amount of money that petitioner is required to pay (10% of petitioner's quarterly earnings) and specifically anticipates that payments likely will be made through the IFRP during petitioner's imprisonment in the event that the fine and assessment cannot be paid immediately. Further, this Court does not interpret the language in petitioner's Judgment and Commitment Order stating that "[a]ll criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate

3

Financial Responsibility Program, are made to the clerk of the court" to be an express delegation of payment terms to the FBOP. Thus, the FBOP did not lack authority to place him on a payment schedule. See Frauendorfer v. Fondren, 374 Fed. Appx. 676, 2010 WL 1780214, at *6 (8th Cir. May 5, 2010).

Moreover, the IFRP does not deprive petitioner of his due process rights by applying possible "penalties" for not participating in the IFRP. When petitioner signed the IFRP contract setting the amount of payment he would make, he was provided information regarding the potential consequences of a refusal to participate in the IFRP plan, so he received adequate notice of the consequences of not participating. None of the benefits or privileges at issue trigger due process protection under Sandin. See Gaines v. Castillo, supra; Cervantes v. Cruz, 2009 WL 76685, at * 4-5 (D. Minn. Jan. 8, 2009); James v. Quilan, 866 F. 2d 627, 630-31 (3d Cir. 1989). Finally, the record indicates that petitioner reasonably can make the $105.00 monthly payment based on his community resources and deposits into his inmate account.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

                                               /s/ Greg Kays
                                               GREG KAYS
                                               CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: July 23, 2014.